IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARY KATHERINE HENDLEY, : | |
| : | |
| Plaintiff, : | |
| : | NO. 5:10-CV-398 (CAR) |
| VS. : | |
| : | |
| MICHAEL J. ASTRUE, : | |
| : | SOCIAL SECURITY APPEAL |
| Defendant. : | |
| : | |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Mary Katherine Hendley's claim for benefits under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3). Because the ALJ failed to comply with SSR 96-8p in making his determination of Plaintiff's Residual Functional Capacity (RFC) and then erroneously applied the Medical-Vocational Guidelines (Grids) in order to conclude that Plaintiff was not disabled, **IT IS RECOMMENDED** that the Commissioner's decision be **REVERSED and REMANDED** for further proceedings.

## I. BACKGROUND

Plaintiff was born on January 17, 1970 and was thirty-four years old at the time her insured status for Disability Insurance Benefits expired. She has an Associate's Degree and past relevant work experience as a customer service representative and a mortgage loan closer.

Plaintiff applied for a period of disability and disability insurance benefits on October 10, 2006 alleging that she has been unable to work since October 1, 2002 due to issues with back and neck pain, fatigue, and depression. Plaintiff's applications were denied initially and upon reconsideration. Following a hearing before an Administrative Law Judge (ALJ), a written decision

finding Plaintiff not disabled was issued. The Appeals Council refused to review this decision. On October 20, 2006, Plaintiff filed this action. Doc. 1.

## II. STANDARD OF REVIEW

The Court's role in reviewing claims brought under the Social Security Act is narrow in scope. Review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. Walker v. Bowen, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

The Commissioner's findings of fact are entitled to deference. The Court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). See also Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986). The Court must scrutinize the entire administrative record (AR) to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if it is supported by substantial evidence. Id.

The Commissioner's findings of law are granted less deference. On judicial review, courts must determine whether the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610 F.2d 355, 359 (5th Cir. 1980). Courts must therefore consider any questions

of law *de novo*, and "no . . . presumption of validity attaches to the [Commissioner's] conclusions of law, including determination of the proper standards to be applied in reviewing claims." Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). "Failure to apply the correct legal standards or to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." Id.

## III. EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

When analyzing the issue of disability, the Commissioner must follow a five-step procedure. 20 CFR § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether or not the claimant is currently engaged in substantial gainful activity. Second, upon a finding that the claimant is not working, the Commissioner determines whether the claimant has any impairment which prevents the performance of basic work activities.[1] Next, if the existence of such impairments has been found, the Commissioner determines whether the impairment(s) meets or equals the severity of one or more of the specified impairments listed in Appendix 1 of Part 404 of the regulations. If the claimant's impairments do not meet or equal a listed impairment, the Commissioner must proceed to evaluate the claimant's residual functional capacity (RFC) for work.

---

[1] Basic work activities include, but are not limited to: physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. See 20 CFR § 404.1521(b).

Fourth, based on the claimant's RFC, the Commissioner determines whether the claimant is able to perform the physical and mental demands of his past work despite the impairments. Finally, but only where it has been determined that the claimant is unable to perform his or her past work, the Commissioner must determine whether there are sufficient numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and past work experience.

## IV. DISCUSSION

At step one of the sequential evaluation process, the ALJ in this case concluded that Plaintiff had not engaged in any substantial gainful activity from her alleged onset date of October 1, 2002 through her date last insured of December 31, 2004. AR15. At step two, the ALJ determined that, during that period of time, Plaintiff suffered from the severe impairments of back pain, chronic fatigue, and depression. Id. At step three, the ALJ found that Plaintiff's impairments did not, alone or in combination, meet or medically equal any of the impairments listed in Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations (20 C.F.R. § 416.924, 416.925, 416.926). AR16. Consequently, but before moving on to step four, the ALJ proceeded to consider Plaintiff's RFC. AR16-18.

A claimant's RFC is an administrative finding of fact concerning the claimant's maximum remaining capacity to perform work-related physical and mental activities on a regular and continuing basis despite the functional limitations and environmental restrictions imposed by his or her medically determinable impairment(s). SSR 96-5p, SSR 96-8p. When making this finding, ALJ's are required to identify the limitations and/or restrictions imposed by the claimant's impairments and then assess his or her work-related abilities on a function-by-function basis. SSR 96-8p. Only upon the conclusion of this function-by-function analysis may an ALJ express a

claimant's RFC in terms of the exertional levels of work, i.e., sedentary, light, medium, heavy, and very heavy. Id.

In this case, the Commissioner concedes that the ALJ failed to conduct a function-by-function assessment of Plaintiff's limitations before concluding that she had the RFC to perform a full range of work at the medium exertional level. Doc. 13, p.5. Notwithstanding this admission, the Commissioner argues that, since the ALJ adopted and incorporated the findings of two state agency medical consultants who did conduct function-by-function analyses while reviewing the medical evidence at the initial and reconsideration stages, no separate analysis was necessary. Id. The Commissioner's argument is unavailing for at least two reasons.

First, the Commissioner has failed to cite any authority in support of his assertion that an ALJ's obligation to conduct a function-by-function analysis of a claimant's abilities when assessing his or her RFC is obviated where the findings of a state agency medical consultant who previously conducted such an analysis have been adopted. Second, even assuming that such a practice is permissible, the findings adopted by the ALJ in this case, by their own terms, preclude a determination that the Plaintiff had the RFC to perform a full range of work at the medium exertional level.

For example, according to the findings of the state agency medical consultants adopted by the ALJ, Plaintiff was limited to occasional stooping and crouching. AR 316-324, 354-316. Pursuant to the regulations, however, a person must be able to stoop and crouch frequently to perform the full range of medium work. SSR 83-14. Given this contradiction, the ALJ's determination that the Plaintiff has the RFC to perform the full range of work at the medium exertional level is clearly erroneous.

In spite of the above, and in reliance upon this RFC finding, the ALJ then made a step four determination that Plaintiff would be unable to perform her past relevant work as a customer service representative or mortgage loan closer.[2] In view of this decision, the ALJ was obligated to proceed to the fifth and final step of the sequential evaluation process.

At step five, the Commissioner has the burden of demonstrating that other work exists in significant numbers in the national economy that a claimant can perform. Generally speaking, this burden is met using the testimony of a vocational expert or by reference to the grids. In this case, the ALJ's determination at step five was limited to his direct application of Plaintiff's age, education, work experience, and the erroneous determination of her RFC to the grids. As a result, the ALJ concluded that, pursuant to Medical-Vocational Rule 203.29, Plaintiff was not disabled.

## V. CONCLUSION

The ALJ's failure to properly comply with the requirements of SSR 96-8p when determining Plaintiff's RFC constitutes legal error. Furthermore, this mistake undermined the validity of the ALJ's determinations at steps four and five of the sequential evaluation process. Consequently, despite the Respondent's arguments to the contrary, the Court is unable to conclude that this error was harmless or that the ultimate disability decision is supported by substantial evidence.

Accordingly, and pursuant to Sentence Four of 42 U.S.C. 405(g), **IT IS RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED** for further proceedings in accordance with the above. Specifically, the Commissioner should be instructed to ensure that

---

[2] Though it has not been argued by either party, the ALJ's step four determination that Plaintiff was unable to return to her past relevant work as a customer service representative or mortgage loan closer seems contrary to the earlier findings that Plaintiff could perform a full range of medium exertion work and that she retained the ability to meet the basic mental demands of competitive, remunerative employment on a sustained basis.

Plaintiff's RFC is properly assessed in accordance with the provisions of SSR 96-8p before proceeding to subsequent steps of the sequential evaluation process.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 5th day of March, 2012.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge