IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARY KATHERINE HENDLEY,    :
                            :

      Plaintiff,            :
                            :

v.                        :
                            :     No. 5:10-CV-398 (CAR)

MICHAEL J. ASTRUE,       :
                            :     SOCIAL SECURITY APPEAL

      Defendant.        :
_____ :

ORDER ON THE RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 15] to reverse and remand the final decision of the Commissioner of Social Security that Plaintiff Mary Katherine Hendley is not disabled.  The Commissioner has filed a timely Objection to the Recommendation.  [Doc. 16].  The Court notes that the Commissioner's Objection largely restates the arguments that were presented to the Magistrate Judge in the Commissioner's original Memorandum.  Nevertheless, the Court has conducted a *de novo* review of the administrative record and the ALJ's decision and agrees with the Recommendation.  For the reasons stated below, the Recommendation [Doc. 15] is hereby **ADOPTED** and **MADE THE ORDER OF THE**

1

**COURT**.  The Commissioner's decision is **REVERSED and REMANDED** for further proceedings in accordance with the Magistrate Judge's Recommendation.

First, the Commissioner objects to the Magistrate Judge's conclusion that the ALJ failed to conduct a function-by-function assessment of Plaintiff's limitations before concluding that Plaintiff had the Residual Functional Capacity ("RFC") to perform a full range of work at the medium exertional level.  However, as the Magistrate Judge noted, the Commissioner has already conceded this point.  [Doc. 16, p. 1, n.1; Doc. 13, p. 5].[1]  Thus, the Commissioner has conceded this argument for the purposes of his Objection.

The Commissioner also argues that the findings of the state agency medical consultants were not "adopted" by the ALJ.  However, "adopted" is the exact phrasing that the Commissioner used to describe the ALJ's use of the consultants' findings.  See supra n.1, [Doc. 13, p. 5].  Moreover, even if the Commissioner had not used this terminology and the Court were to accept that the ALJ attributed "great weight" to the consultants' findings, the Court nevertheless agrees with the

---

[1] The Commissioner does not object to the Magistrate Judge's conclusion that this point was conceded.  In his Memorandum, the Commissioner stated, "While the ALJ did not include a function by function assessment of Plaintiff's abilities in his written decision, it was not necessary to do so since he adopted and incorporated the findings of two state agency medical consultants."  [Doc. 13, p. 5].

2

Recommendation that the findings adopted by the ALJ preclude a determination that Plaintiff had the RFC to perform a full range of work at the medium exertional level.

Lastly, the Commissioner argues that even if Plaintiff could not perform a full range of "medium" work, the ALJ's decision was harmless error because Plaintiff could still nevertheless perform a full range of light and sedentary work.  However, "when a claimant has a non-exertional impairment that significantly limits basic work skills," as is the case here, "exclusive reliance on the grids is not appropriate."  Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989).  In this case, the ALJ appears to have exclusively relied on the grid in determining the fifth step of the sequential process, despite the medical consultants' finding that Plaintiff had non-exertional impairments.  Additionally, the ALJ does not explain how it reached a finding in the exertional category.  Accordingly, because the ALJ's findings appear contradictory, and because the Court cannot discern a reasonable path for the ALJ's decision, the Court cannot conclude that the ALJ's error was harmless.  See Dixon v. Astrue, 312 F. App'x 226, 229 (11th Cir. 2009) ("While [an appellate court] may not supply a reasoned basis for [an] agency's action that the agency itself has not given, [the court] will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.").

3

Accordingly, for the foregoing reasons, the Recommendation [Doc. 15] is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**.  The final decision of the Social Security Commissioner is hereby **REVERSED and REMANDED** for further proceedings in accordance with the Magistrate Judge's Recommendation.

**SO ORDERED,** this 26th day of March, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH/aes

4